UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAURILIA MONTES, et al.,

          Plaintiffs,

     v.

COSTCO WHOLESALE CORPORATION, et al.,

          Defendants.

Case No. 26-cv-02749-JSC

**RE: MOTION TO REMAND**

Re: Dkt. No. 11

This case arises out of a slip and fall at a Costco warehouse. (Dkt. No. 1 at 8-16.)[1] Plaintiffs Maurilia Montes and Mario Montes sue Costco Wholesale Corporation ("Costco Corporation"), Costco Wholesale Membership, Inc. ("Costco Membership"), and Caroline Wyatt ("Ms. Wyatt") for general negligence, premises liability, and loss of consortium. (*Id.*) Defendants removed the case from Sonoma County Superior Court and asserted this Court has diversity jurisdiction because Costco Membership and Ms. Wyatt are fraudulently joined. (Dkt. No. 1 at 1-5.) Plaintiffs now move to remand to state court on the grounds Costco Membership and Ms. Wyatt are not fraudulently joined, so the Court does not have diversity subject matter jurisdiction. (Dkt. No. 11.) After carefully considering the parties' submissions, and with the benefit of oral argument on June 18, 2026, the Court GRANTS the motion to remand. Defendants have not met their heavy burden of showing there is no possibility Plaintiffs could state a claim against Ms. Wyatt, so they have not shown the Court has diversity jurisdiction.

//

//

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

United States District Court
Northern District of California

## BACKGROUND

### I.    Complaint Allegations

Ms. Montes and Mr. Montes are California residents, Costco Corporation is a Washington corporation and Ms. Wyatt is a California resident.  (Dkt. No. 1 at 9.)  On February 24, 2024, Ms. Montes "was an invitee" at a Costco Warehouse in Santa Rosa (the "Premises") and "suffered a slip and fall and sustained serious injuries."  (*Id.* at 10-11.)  At that time, "the Premises were owned, leased, operated, occupied, managed, maintained, supervised, repaired, inspected, renovated, fixed, and/or otherwise controlled by Defendants."  (*Id.* at 11).  "Defendants knew or reasonably should have known that the choice of floor(s)/flooring at the Premises creates a highly dangerous, slippery surface when a liquid type of substance is on the floor," and that it "would increase the risk of the slip and fall danger."  (*Id.*)  "Defendants also had a policy in place at the Premises that was insufficient for keeping the Premises free from slip and/or trip and fall dangerous conditions on the floors and Defendants did not use due care in inspecting the Premises for slip and fall hazards."  (*Id.*)

"Due to Defendants' acts and/or omissions, the Premises had liquid substances and/or a dangerous, hazardous condition on its floors thereby causing and/or creating a slip and/or trip and fall hazard at the Premises."  (*Id.*)  "Defendants made this choice and/or failed to take the reasonable actions to prevent the danger of the floors at the Premises for reasons of economic gain and to save money and increase their business profits."  (*Id.* at 12.)

### II.    Procedural History

Plaintiffs sued Defendants in Sonoma County Superior Court for general negligence, premises liability, and loss of consortium.  (Dkt. No. 1 at 8-16.)  Defendants timely removed to this Court based on diversity jurisdiction.  (*Id.* at 1-5.)  Plaintiffs now move to remand.  (Dkt. No. 11.)

## LEGAL STANDARD

Diversity jurisdiction requires "complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants," *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001), and an amount in controversy exceeding $75,000.  *See* 28

2

U.S.C. § 1332(a)(1). "[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris*, 236 F.3d at 1067.

"There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quotation marks and citations omitted). "Fraudulent joinder is established the second way if a defendant shows that an individual joined in the action cannot be liable on any theory." *Id.* (cleaned up). "But if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (quotation marks and citation omitted); *see also Morris*, 236 F.3d at 1068 (finding sham defendant when "it is abundantly obvious that [a plaintiff] could not possibly prevail").

So, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare*, 889 F.3d at 549; *see also id.* ("Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." (citations omitted)).

Ultimately, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." *Id.* at 548 (quotation marks and citation omitted); *see also Canela v. Costco Wholesale Corp.*, 971 F.3d 845 (9th Cir. 2020) ("A defendant seeking removal has the burden to establish that removal is proper." (quotation marks and citation omitted)). And courts "reject federal jurisdiction if there is any doubt as to the right of removal in the first instance." *Grancare*, 889 F.3d at 550 (quotation marks and citation omitted).

## DISCUSSION

The parties agree Plaintiffs are California citizens, Costco Corporation is a Washington citizen, and Costco Membership is a California corporation. (Dkt. No. 1 at 3, 9, 34.) Plaintiffs

3

also allege, and Defendants do not dispute, Ms. Wyatt is a California citizen. (*Id.* at 3, 9.) So, Costco Membership and Ms. Wyatt prevent complete diversity unless Defendants establish their fraudulent joinder. Because Defendants do not accuse Plaintiffs of fraud in the pleading of jurisdictional facts, Defendants must show Plaintiff cannot "establish a cause of action against" Ms. Wyatt and Costco Membership "in state court." *See Grancare*, 889 F.3d at 548.

## I.    Defendants Rely on an Incorrect Fraudulent Joinder Standard

Defendants deem *Smith v. Southern Pacific Co.*, 187 F.2d 397 (9th Cir. 1951) the "proper controlling case" because "the Court [there] ruled that a complaint must state a proper cause of action against an individual defendant in order to defeat diversity." (Dkt. No. 12 at 2.) They assert in *Smith*, "the court found a complaint that did not plead specific facts showing specific action or inaction of the individual defendant and [sic] was thus insufficient to defeat diversity jurisdiction." *Id*. Relying on the standard presented in *Smith*, Defendants assert Plaintiffs' complaint does not defeat diversity jurisdiction because at the time it was removed from state court it did not allege facts showing Ms. Wyatt or Costco Membership could be held liable. *Id.* Defendants also argue "Plaintiffs' complaint further alleges causes of action against all defendants in conclusory terms which lack any specificity and thus Ms. Wyatt and Costco Wholesale Membership should be considered sham defendants." (Dkt. No. 12 at 3).

Defendants apply the wrong standard. The question is not whether Plaintiffs' complaint stated a claim against the non-diverse defendants at the time of removal; instead, the federal court must remand if there is a "possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Grancare,* 889 F.3d at 548. And, even if the complaint does not presently allege facts that state a claim, the district court must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550; *see, e.g.*, *Ramirez v. Oldcastle APG W., Inc.*, No. 25-CV-06730-JSC, 2025 WL 2710097, at *1 (N.D. Cal. Sept. 23, 2025) (rejecting fraudulent joinder claim when "Defendant is expressly arguing the 12(b)(6) standard—not that defendant Romero cannot be liable on any theory").

United States District Court
Northern District of California

4

**II.     Defendants Fail to Prove the Plaintiffs Do Not Have a Possible Cause of Action Against Ms. Wyatt**

Defendants have not shown Ms. Wyatt "cannot be liable on any theory." *Grancare*, 889 F.3d at 548.  Defendants present a declaration from Ms. Wyatt stating she is "the Assistant Manager at Costco Wholesale Corporation at the warehouse" where the alleged incident took place.  (Dkt. No. 12-1 at 7.)  Ms. Wyatt also declares "[a]t no time did I have any involvement in the events subject to Plaintiffs' complaint"; "I was not on the premises or on duty at any of the Costco warehouses on February 24, 2024"; "I have no ownership interest in any of the Costco warehouses"; and "I do not employ any persons who work in any of the Costco warehouses." (*Id.* at 7-8.)  So, without citing any cases, Defendants assert Ms. Wyatt was not "responsible for any of the claims brought by Plaintiffs" and did not "have any direct connection with the events surrounding the Plaintiff's claims." (Dkt. No. 12 at 3-4.)

Ms. Wyatt's declaration does not satisfy Defendants' removal burden.  First, under Plaintiffs' theory of premises liability, Ms. Wyatt "did not need to be physically present at the time of Plaintiff's injury to still have liability for setting negligent policies and procedures and failing to adequately train Costco staff on those policies and procedures." (Dkt. No. 13 at 2.)  Or, to put it another way, Defendants have not shown that under California law she needed to be present or that an assistant store manager can never be liable under a premises liability theory.  So, even assuming as true everything in Ms. Wyatt's declaration, Defendants have not shown she could not possibly be liable under Plaintiffs' premises liability theory.  *See Dirkes v. Sam's W., Inc.*, No. 2:22-CV-03466-JLS-MAR, 2022 WL 17098672, at *5 (C.D. Cal. Sept. 7, 2022) (permitting the plaintiff to amend the complaint to add diversity-destroying store manager in premises liability action); *Gamboa v. Wal-Mart Stores, Inc.*, No. cv-18-2553-KS, 2018 WL 3129776, at *4 (C.D. Cal. June 21, 2018) ("[C]ourts in this circuit have permitted a store manager to be added as a defendant in their individual capacity in a slip and fall premises liability lawsuit.").

Second, "a denial, even a sworn denial, of allegations does not prove their falsity," for purposes of fraudulent joinder. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d at 551.

Defendants cannot meet their fraudulent joinder burden by asking the Court to rule on the claim's ultimate merits. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Instead of attempting to show Ms. Wyatt cannot be found liable on any theory, Defendants argue Plaintiffs' citation to *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156 (C.D. Cal. 2009) is inapposite because it involved an employment claim rather than a general tort claim.  (Dkt. No. 12 at 3-4.)  While *Padilla*'s facts might not be entirely analogous to the instant case, Defendants and not Plaintiffs bear the "heavy burden" to affirmatively prove there is no possible cause of action against Ms. Wyatt.  *See Grancare*, 889 F.3d at 548.  They have not met their burden.

Defendants' reliance on *McCabe v. General Foods Corp*, 811 F.2d 1336, 1339 (9th Cir. 1987), is unavailing.  There the court held the non-diverse defendants were fraudulently joined because the complaint's allegations and the plaintiff's own declaration established that the non-diverse defendants' conduct was privileged under California law.  *Id.*  But here, the complaint does not establish that Ms. Wyatt's alleged conduct is privileged or that as a matter of law she cannot be liable.  And, as explained above, the same conclusion is reached even if Ms. Wyatt's declaration statements are accepted as true.

Because Defendants have not established it is impossible for Plaintiffs to state a claim against Ms. Wyatt, she is not fraudulently joined.  Therefore, Ms. Wyatt's inclusion defeats complete diversity.

### CONCLUSION

For the reasons stated above, Plaintiff's motion to remand is GRANTED, and the Court remands this case to the Sonoma County Superior Court.

This Order disposes of Docket No. 11.

**IT IS SO ORDERED.**

Dated: June 18, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California